UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW LUNDBERG,

    Plaintiff,

v.                                CAUSE NO. 3:23-CV-137-DRL-JEM

RON NEAL *et al.*,

    Defendants.

## OPINION AND ORDER

Andrew Lundberg, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Lundberg alleges he was sprayed with mace by Officer Bradbury on May 3, 2021, at approximately 8:00 p.m. at the Indiana State Prison while housed in cell 226 of D-Cell house. Around midnight, he was also sprayed with mace by Officer Allmon. About an hour later, at 1:00 a.m. on May 4, 2021, he was taken to the medical unit. He refused medical treatment because he "wanted to get the decontamination shower as quickly as possible." ECF 1 at 10. He was given the decontamination shower as requested.

He was returned to cell 226 on May 6, 2021, but it had not been cleaned, nor had he been provided with new bedding. Mr. Lundberg filled out a grievance about the condition of the cell that same day. He was transferred to a new cell on May 11, 2021,[1] but he did not receive an official response to his grievance about the incident until October 20, 2021. He also filled out a medical request form on May 6, 2021, due to "bleeding mace burns on my head, face, and body." ECF 1 at 8. However, he was not seen or treated by medical until May 21, 2021, fifteen days after he had requested help. Once he was seen, he was prescribed Tylenol for the burns on his face. Mr. Lundberg has sued Officer Bradbury, Officer Allmon, Warden Ron Neal, Grievance Specialist J. Wallen, and Sgt. Lagunas and Lt. Gillesbee, both supervisors in D-Cell house, for monetary damages.

Although it is not entirely clear, Mr. Lundberg may be attempting to bring excessive force claims against Officer Bradbury and Officer Allmon for spraying him with mace. Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id.* at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id.* at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)).

---

[1] He claims this was related to an issue with his hip and did not happen in response to his complaints about the mace remaining in his cell.

Of note, neither the use of a TASER device nor pepper spray against an inmate under such circumstances constitute a *per se* violation of the Eighth Amendment. *See id.* at 475–76; *see also Soto*, 744 F.2d at 1271. That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Accordingly, the "core requirement" for any excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal quotation marks and citation omitted). "A court should examine a variety of factors in conducting this inquiry, including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). The appropriateness of the use of force is determined by an examination of the particular facts and circumstances of each case. *Soto*, 744 F.2d at 1270.

Here, Mr. Lundberg does not provide enough details to state a plausible excessive force claim against either of the officers. He simply provides the time and date they subjected him to pepper spray.[2] Without more, it cannot be plausibly inferred that the officers maliciously and sadistically sprayed him with mace in order to cause him harm.

---

[2] He does allege he was later found "not guilty" of spitting on Officer Bradbury, but he does not provide any details about this alleged incident in the body of the complaint, and the attached report of disciplinary hearing appears to be only partially filled out—in fact, it does not indicate there was any resolution at all. ECF 1 at & ECF 1-1 at 9. In any event, there are many reasons an offender's disciplinary charge can be dismissed, including procedural ones, and Mr. Lundberg's complaint does not shed any light on the matter.

3

Therefore, he has failed to state a claim. *See, e.g., Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law") (emphasis in original); *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

He may also be attempting to assert that the officers were deliberately indifferent to his needs after the incident. In evaluating an Eighth Amendment deliberate indifference claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotations omitted). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the defendant "deliberately ignored a prison condition that presented an

4

objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

With regard to Officer Bradbury and Officer Allmon, Mr. Lundberg alleges only that they sprayed him with mace and that he was transferred to medical shortly thereafter, where he received a decontamination shower. These allegations are insufficient to plausibly suggest deliberate indifference on the officers' part. Although he claims he was returned to the cell two days later—he does not say by whom—and that it had not been properly cleaned, he doesn't tie Officer Bradbury or Officer Allmon to the unclean cell or allege they even knew it had not been cleaned of chemical residue. Without more, it is not plausible to infer they were responsible for the state of uncleanliness which led to the chemical burns on his face. Therefore, he has not stated any claims against them based on these allegations. *See Swanson, N.A.*, 614 F.3d at 403; *Bissessur*, 581 F.3d at 602.[3]

To the extent Mr. Lundberg is alleging Warden Ron Neal, Grievance Specialist Wallen, Sgt. Lagunas, and Lt. Gillesbee are responsible for the alleged violations, liability under 42 U.S.C. § 1983 is based on personal responsibility, and prison officials cannot be held liable for damages solely because they hold supervisory positions. *Mitchell v. Kallas*,

---

[3] Mr. Lundberg also complains about the lack of medical care he received in the fifteen days following the incident. However, he does not plausibly allege any the officers were aware he needed medical treatment once he was returned to his cell or that they even knew about his medical request. Thus, they cannot be held liable for the medical staff's delay in providing him care. *See e.g Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff).

895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore, he has not stated plausible claims for relief against them.

Finally, Mr. Lundberg faults Grievance Specialist Wallen for not responding to his grievance in a timely manner. However, there is no constitutional right to a grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). And, as noted, Mr. Lundberg has not plausibly alleged Grievance Specialist Wallen was personally responsible for the fact that his cell remained contaminated with chemicals or that he was failing to receive medical care for his chemical burns following the incident.[4]

This complaint does not state any claims for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Lundberg may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

---

[4] In fact, Mr. Lundberg alleges he was moved to a different cell within five days of the date he filed his grievance, and he alleges he filed a separate request for medical care.

Mr. Lundberg also filed a separate motion for preliminary injunction, asking the court to order the defendants to preserve unspecified video evidence related to the May 2021 incident because it may be destroyed soon due to Indiana Department of Correction routine procedure. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotations omitted).

Here, as described above, Mr. Lundberg's current complaint does not state any plausible claims. Therefore, there is no chance of success on the merits at this point, so the motion must be denied. Moreover, discovery issues such as this are not properly brought in the form of a preliminary injunction.

For these reasons, the court:

(1) DENIES the motion for preliminary injunction (ECF 5);

(2) GRANTS Andrew Lundberg until **April 10, 2023**, to file an amended complaint; and

7

(3) CAUTIONS Andrew Lundberg if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 7, 2023                                                                   *s/ Damon R. Leichty*
                                                                                                Judge, United States District Court