UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW LUNDBERG,

    Plaintiff,

    v.                               CAUSE NO. 3:23-CV-137-DRL-JEM

RON NEAL *et al.*,

    Defendants.

## OPINION AND ORDER

Andrew Lundberg, a prisoner without a lawyer, filed an amended complaint (ECF 28) because the court determined his original complaint failed to state any claims. *See* ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Lundberg alleges prison officials at the Indiana State Prison conducted a "massive prison wide shakedown" on May 3, 2021, during which his legal documents were lost or destroyed. ECF 28 at 6. When he tried to complain about the issue to Officer Bradbury later that night, his complaints were "down-played and disregarded," and the two began to argue. As a result, Officer Bradbury sprayed him with mace at approximately 7:30 pm. He wasn't offered a decontamination shower at that time.

Around midnight, he was also sprayed with mace by Officer Allmon for complaining about his missing legal work and the lack of shower. About an hour later, at 1:00 am on May 4, 2021, he was taken to the medical unit for a decontamination shower.[1]

He was returned to the same cell, but it had not been cleaned and was "covered in mace, along with my bedding, sink, and toilet." *Id*. at 7. From May 3, 2021, to May 11, 2021,[2] he complained to Officer Bradbury, Officer Allmon, Sgt. Haskel, Sgt. Hillinger, and Lt. Wilson about the problems he was having with the leftover mace "and the need to decontaminate my cell and replace my bedding." *Id*. However, no one would help him. Because of the mace residue, Mr. Lundberg developed "mace burns and blistering on my head, face, and body which were extremely painful and began to bleed." *Id*. at 8. He filled out a healthcare request form on May 6, 2021, but he was not seen or treated until May 21, 2021, when he was evaluated by a nurse, given acetaminophen, and returned to his new housing unit in "stable condition." ECF 28-1 at 9. Mr. Lundberg has sued Officer Bradbury, Officer Allmon, Sgt. Haskel, Sgt. Hillinger, and Lt. Wilson for the "acts and omissions of not decontaminating plaintiff's cell and replacing his bedding that had been

---

[1] In his original complaint, he admits he refused medical treatment because he "wanted to get the decontamination shower as quickly as possible." ECF 1 at 10.

[2] Based on the language in his current complaint along with the representations made in his original complaint, it may be assumed that Mr. Lundberg was transferred out of the cell with the mace residue on May 11, 2021. *See also* ECF 28-1 at 9 (Nurse Visit form dated May 21, 2021, indicating "Patient states issue is resolved he has been moved from that cell.").

covered in mace" and causing him to remain in that cell for approximately one week.[3] ECF 28 at 12. He seeks compensatory and punitive damages.[4]

In evaluating an Eighth Amendment deliberate indifference claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

---

[3] In the previous screening order, the court noted, "Although it is not entirely clear, Mr. Lundberg may be attempting to bring excessive force claims against Officer Bradbury and Officer Allmon for spraying him with mace." ECF 6 at 2. After setting forth the excessive force standard, the court found he "[did] not provide enough details to state a plausible excessive force claim against either of the officers." *Id*. at 3. The current "Claims for Relief" section of Mr. Lundberg's amended complaint makes it clear he is not attempting to proceed on excessive force claims, but rather deliberate indifference claims related to his treatment afterwards and the condition of his cell. ECF 28 at 12.

[4] He also seeks a "preliminary and permanent injunction" ordering the defendants to "decontaminate cells and replace bedding exposed to mace when deployed." ECF 28 at 13. However, it is not reasonable to infer from the facts presented that Mr. Lundberg is still being subjected to those conditions or that he will likely be in the future. Therefore, these claims will be dismissed. *See. e.g., Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original); *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

Mr. Lundberg alleges Officer Bradbury and Officer Allmon refused to allow him to take a decontamination shower for approximately five hours after he was originally subjected to chemical spray on May 3, 2021. He further alleges Officer Bradbury, Officer Allmon, Sgt. Haskel, Sgt. Hillinger, and Lt. Wilson repeatedly ignored his requests for help from May 3, 2021 to May 11, 2021, related to the condition of his cell which was "covered" in mace—including on his bedding—and had caused him to develop painful burns and blisters. Giving Mr. Lundberg the benefits to which he is entitled at this stage, he has stated plausible claims for deliberate indifference against these defendants.[5]

In addition, Mr. Lundberg alleges he filled out a grievance about the condition of the cell on May 6, 2021, but he didn't receive a response until October 20, 2021. He never received an appeal form despite having requested one. He claims the lack of a proper response and the failure to provide the appeal form "prevented me from exhausting my administrative remedies necessary to presenting my conditions of confinement claim." ECF 28 at 9. He has sued Grievance Specialists Joshua Wallen and Mark Newkirk for

---

[5] Mr. Lundberg also complains he was not given medical care for fifteen days after he filled out a medical request slip. However, he has not named any medical personnel as defendants, and the only medical individual he mentions in his amended complaint is Nurse Brenda Suber, whom he describes as a nurse who tried to help him. Therefore, he has not stated any specific claims regarding his medical care.

violating his First Amendment rights and allegedly denying him access to the courts "by obstructing exhaustion of his administrative remedies to present his condition of confinement claim."[6] *Id*. at 11.

The fact that Mr. Lundberg filed his complaint with this court—and continues to actively litigate his case here—demonstrates he does have access to the courts. *See e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (A prisoner's "invocation of the judicial process indicates that the prison has not infringed his First Amendment right to petition the government for a redress of grievances."); *Brewer v. Ray*, 181 Fed. Appx. 563, 565 (7th Cir. 2006) ("The first obstacle to [plaintiff's] argument that [defendant] has generally obstructed his access to the judiciary is that he is presenting that claim to the very court he to which he alleges he was denied access."). To the extent Mr. Lundberg takes issue with the alleged mishandling of his grievances, this is not a protected interest. *See Brewer*, 181 F. Appx. at 565-66 (*citing Antonelli*, 81 F.3d at 1430). The alleged mishandling of Mr. Lundberg's grievances "did not infringe his rights under either the First or Fourteenth Amendments." *Id*. at 566; *see also Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). These claims will be dismissed.

For these reasons, the court:

---

[6] He has also sued Warden Ron Neal, but he doesn't mention him anywhere in the body of the complaint. In any event, he can't be sued simply because he is in charge of the prison. *See e.g Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff).

(1) GRANTS Andrew Lundberg leave to proceed against Officer Bradbury, Officer Allmon, Sgt. Haskel, Sgt. Hillinger, and Lt. Wilson in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his needs related to the chemical spray on his body and in his cell from May 3, 2021, to May 11, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal, Joshua Wallen, and Mark Newkirk;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Bradbury, Officer Allmon, Sgt. Haskel, Sgt. Hillinger, and Lt. Wilson at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 28);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Bradbury, Officer Allmon, Sgt. Haskel, Sgt. Hillinger, and Lt. Wilson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 4, 2024                                         *s/ Damon R. Leichty*
                                                     Judge, United States District Court